UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

YOHARYS CAROLINA NIEVES
BRIZUELA,

Petitioner,

v.

JOSHUA JOHNSON, et al.,

Respondents.

No. 1:25-CV-263-H

## ORDER

Before the Court is Yoharys Carolina Nieves Brizuela's emergency motion for a

temporary restraining order. Dkt. No. 14. Because the motion improperly requests the

ultimate relief sought in her pending habeas petition (Dkt. No. 1), the motion is denied.

## 1.   Legal Standard

Federal Rule of Civil Procedure 65 authorizes courts to issue temporary restraining

orders and injunctions. A temporary restraining order, or TRO, is "simply a highly

accelerated and temporary form of preliminary injunctive relief." *Hassani v. Napolitano*,

No. 3:09-CV-1201, 2009 WL 2044596, at *1 (N.D. Tex. July 15, 2009). Thus, the party

seeking a TRO or preliminary injunction must satisfy the same four-factor standard for

preliminary injunctive relief. *Greer's Ranch Café v. Guzman*, 540 F. Supp. 3d 638, 645 (N.D.

Tex. 2021). The party seeking relief must show (1) a substantial likelihood of success on the

merits; (2) a substantial threat of irreparable harm; (3) the balance of hardships weighs in the

movant's favor; and (4) issuing the injunction will not disserve the public interest. *Daniels*

*Health Scis., LLC v. Vascular Health Scis., LLC*, 710 F.3d 579, 582 (5th Cir. 2013).

A TRO, like any injunction, is an "extraordinary remedy." *Lewis v. S.S. Baune*, 534 F.2d 1115, 1121 (5th Cir. 1976). "The decision to grant [such relief] 'is to be treated as the exception rather than the rule.'" *Jones v. Bush*, 122 F. Supp. 2d 713, 718 (N.D. Tex. 2000) (quoting *Miss. Power & Light Co. v. United Gas Pipe Line Co.*, 760 F.2d 618, 621 (5th Cir. 1985)). To prevail, the movant "must satisfy a cumulative burden of proving each of the four elements" for injunctive relief. *Clark v. Prichard*, 812 F.2d 991, 993 (5th Cir. 1987). "Otherwise stated, if a party fails to meet *any* of the four requirements, the court cannot grant the TRO or preliminary injunction." *Speed v. America's Wholesale Lender*, No. 3:14-CV-3425, 2014 WL 4755485, at *1 (N.D. Tex. Sept. 24, 2014) (emphasis in original).

## 2.   Analysis

"The purpose of a preliminary injunction is to preserve the *status quo* and prevent irreparable injury until the court renders a decision on the merits." *Sambrano v. United Airlines, Inc.*, No. 21-11159, 2022 WL 486610, at *4 (5th Cir. Feb. 17, 2022). Likewise, the purpose of a TRO is to "preserv[e] the status quo and prevent[] irreparable harm just so long as is necessary to hold a hearing, and no longer." *Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers*, 415 U.S. 423, 439 (1974). Thus, the Court cannot give Nieves Brizuela "the ultimate relief requested" in the form of a preliminary injunction or TRO; it can "only preserve the *status quo*." *Ramirez Rios v. Noem*, 3:25-CV-522, 2025 WL 3220095, at *1 (W.D. Tex. Nov. 7, 2025).

Nieves Brizuela's motion appears to request the same relief sought in her habeas petition. Indeed, the arguments supporting her motion "focus on the harms of mandatory detention without bond." *Perez v. Noem*, No. 3:25-CV-2920, 2025 WL 3532430, at *6 (N.D. Tex. Nov. 14, 2025), *R. & R. adopted*, 2025 WL 3530951 (Dec. 9, 2025). She requests in her

– 2 –

motion that the Court order a bond hearing, Dkt. No. 14 at 1, 10, but she also seeks a bond hearing in her petition, Dkt. No. 1 at 25. Because the preliminary relief sought in the motion for TRO improperly seeks the same ultimate relief requested in the petition, the motion is denied.

Nieves Brizuela's habeas petition (Dkt. No. 1) remains pending.

So ordered on February ⬤, 2026.

JAMES WESLEY HENDRIX
UNITED STATES DISTRICT JUDGE