UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

| | |
|---|---|
| YOHARYS CAROLINA NIEVES BRIZUELA,<br><br>  Petitioner,<br><br>v.<br><br>JOSHUA JOHNSON, et al.,<br><br>  Respondents. | No. 1:25-CV-263-H |

## ORDER

In *Buenrostro-Mendez v. Bondi*, the Fifth Circuit held that aliens who are present in the United States without previously being admitted by immigration authorities—also known as "applicants for admission"—must be detained under the INA. ___ F.4th ___, Nos. 25-20496 & 25-40701, 2026 WL 323330 (5th Cir. Feb. 6, 2026); *see* 8 U.S.C. § 1225(b)(2)(A). Yoharys Carolina Nieves Brizuela, a native and citizen of Venezuela, is one such alien, having illegally entered the United States over two years ago. Her habeas petition, filed before the Fifth Circuit's decision in *Buenrostro-Mendez*, demands either her release or a bond hearing based on the text of the INA, the Due Process Clause, and the APA. Dkt. No. 1.

In light of *Buenrostro-Mendez*, Nieves Brizuela's due process claim is the only remaining non-foreclosed issue. But neither the substantive nor procedural veins of due process afford alien petitioners a bond hearing. Due process is a contextual concept, and in the context of alien removal, it is a limited one. Congress determined that aliens like Nieves Brizuela are not entitled to bond, but they are permitted to remain in U.S. custody and fight to remain here. That is more than sufficient process so far as the Due Process Clause is concerned. Therefore, the petition (Dkt. No. 1) is denied.

1.  **Background**

Nieves Brizuela is a native and citizen of Venezuela. Dkt. No. 12 at 9. In 2023, she illegally crossed into the United States near Eagle Pass, Texas. *Id.* She has remained here since. Dkt. No. 1 ¶ 113. In November, ICE detained Nieves Brizuela without bond during a check-in at the Dallas Field Office. *Id.* ¶¶ 16, 37. Nieves Brizuela was placed into removal proceedings with a Notice to Appear. Dkt. No. 11 at 8; *see* Dkt. No. 12 at 4, 9–11. The NTA charged her with removability as "an alien present in the United States without being admitted or paroled." Dkt. No. 12 at 9; *see* 8 U.S.C. § 1182(a)(6)(A)(i).

Apparently, Nieves Brizuela did not seek a bond hearing before an immigration judge. Dkt. No. 11 at 8. But it would have been futile to do so. In *Matter of Yajure Hurtado*, the Board of Immigration Appeals held that aliens present in the United States without admission must be detained without bond under Section 1225(b)(2)(A) of the INA for the duration of their removal proceedings.[1] 29 I. & N. Dec. 216, 220 (BIA 2025).

Instead, Nieves Brizuela filed a petition for a writ of habeas corpus. Dkt. No. 1. The petition states three claims for relief. First, Nieves Brizuela alleges that her detention without bond violates the INA. *Id.* ¶¶ 103–17. She argues that Section 1225(b)(2)(A) does not apply to aliens who, like her, previously entered the United States illegally and have been living in the country prior to being apprehended and placed in removal proceedings.

---

[1] Recently, the Central District of California purported to vacate *Yajure Hurtado* under the APA. *Maldonado Bautista v. Santacruz*, __ F. Supp. 3d __, No. 5:25-CV-1873, 2026 WL 468284, at *10 (C.D. Cal. Feb. 18, 2026). But as the Court explained in *Calderon Lopez v. Lyons*, the Central District lacks authority to enter such relief. __ F. Supp. 3d __, No. 1:25-CV-226, 2025 WL 3683918, at *10–14 (N.D. Tex. Dec. 19, 2025). *Yajure Hurtado* binds immigration judges, meaning it would be "an exercise in futility" to seek a bond hearing. *Garner v. U.S. Dep't of Lab.*, 221 F.3d 822, 825 (5th Cir. 2000). Thus, Nieves Brizuela's habeas petition does not present an exhaustion problem. *Id.*

*See id.* ¶ 88. In Nieves Brizuela's view, the proper statutory authority for her detention is Section 1226(a), which permits IJs to release aliens on bond while their removal is pending. *Id.* ¶ 6. Besides her statutory claim, Nieves Brizuela also contends that her detention without bond violates the APA and the Due Process Clause. *Id.* ¶¶ 37, 118–25.

The Court ordered the respondents to show cause why Nieves Brizuela's petition should not be granted. Dkt. No. 6; *see* 28 U.S.C. § 2243. The respondents timely answered (Dkt. Nos. 11; 12) and Nieves Brizuela replied (Dkt. No. 13). Nieves Brizuela also filed an emergency motion for a temporary restraining order, which the Court denied as improperly seeking the same relief as the petition. Dkt. Nos. 14; 15.

While litigation was underway in this case, the Fifth Circuit issued its decision in *Buenrostro-Mendez*, which agreed with *Yajure Hurtado* and upheld the government's mandatory-detention policy under Section 1225. *See* 2026 WL 323330, at *1. The Fifth Circuit turned to the plain language of Section 1225, which provides that "in the case of an alien who is an applicant for admission, if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted, the alien *shall be detained* for a proceeding under section 1229a of this title." 8 U.S.C. § 1225(b)(2)(A) (emphasis added). The Court found "no material disjunction" between the phrases "applicant for admission" and "seeking admission," and thus concluded that all applicants for admission fall within Section 1225(b)(2)(A)'s grasp. 2026 WL 323330, at *4 (quoting *Garibay-Robledo v. Noem*, __ F. Supp. 3d __, No. 1:25-CV-177, 2026 WL 81679, at *5 (N.D. Tex. Jan. 9, 2026)).

Currently, Nieves Brizuela is detained at the Bluebonnet Detention Center in Anson, Texas. *See* Dkt. No. 1 ¶ 17–18.

2. **Legal Standard**

"[A]bsent suspension, the writ of habeas corpus remains available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const. art. I, § 9, cl. 2). With 28 U.S.C. § 2241, Congress authorized federal courts to resolve habeas petitions, including in immigration-detention cases. *Zadvydas v. Davis*, 533 U.S. 678, 687–88 (2001). Habeas exists solely to "grant relief from unlawful imprisonment or custody." *Pierre v. United States*, 525 F.2d 933, 935–36 (5th Cir. 1976). Thus, for the writ to issue, the Nieves Brizuela must be "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *see Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir. 1995). A court considering a habeas petition must "determine the facts, and dispose of the matter as law and justice require." 28 U.S.C. § 2243.

3. **Analysis**

As noted above, Nieves Brizuela raises three claims in her habeas petition—one involving Sections 1225 and 1226 of the INA, another based on the Fifth Amendment's Due Process Clause, and one stemming from the APA. As explained below, *Buenrostro-Mendez* forecloses Nieves Brizuela's statutory and APA claims. Thus, the only claim left for consideration is Nieves Brizuela's due process claim. The Court has considered whether the Due Process Clause entitles illegal aliens to individualized bond hearings in numerous prior cases.[2] Even so, the Court considers the arguments raised in Nieves Brizuela's petition to

---

[2] *Higareda-Cano v. Noem*, No. 1:25-CV-225, 2026 WL 274495 (N.D. Tex. Jan. 30, 2026); *Goyo Martinez v. Villegas*, No. 1:25-CV-256, 2026 WL 114418 (N.D. Tex. Jan. 15, 2026); *Garibay-Robledo*, 2026 WL 81679; *Gomez Hernandez v. Lyons*, No. 1:25-CV-216, 2026 WL 31775 (N.D. Tex. Jan. 6, 2026); *Montelongo Zuniga v. Lyons*, ___ F. Supp. 3d ___, No. 1:25-CV-221, 2025 WL 3755126 (N.D. Tex. Dec. 29, 2025).

address whether bond-less detention of aliens present in the United States violates the Constitution. The answer is no.

### A. *Buenrostro-Mendez* forecloses Nieves Brizuela's INA and APA claims.

Nieves Brizuela is an "applicant for admission" under the INA's mandatory-detention provision. Section 1225 broadly defines "applicant for admission" as "[a]n alien present in the United States who has not been admitted or who arrives in the United States." 8 U.S.C. § 1225(a)(1). Nieves Brizuela is an "alien." She is "present in the United States." And she "has not been admitted" because she did not "lawful[ly] ent[er] [the country] after inspection and authorization by an immigration officer." *Id.* § 1101(a)(13)(A) (defining "admission" and "admitted"). As an applicant for admission, binding Fifth Circuit precedent requires that she be detained without bond under Section 1225(b)(2)(A). *See Buenrostro-Mendez*, 2026 WL 323330, at *1. Thus, Nieves Brizuela's INA claim fails.[3]

Her APA claim fails for the same reason. She claims that her mandatory detention "constitutes arbitrary and capricious agency action." Dkt. No. 1 ¶ 120. And she asserts that the BIA's interpretation in *Yajure Hurtado* is "unlawful, ultra vires agency action[]."[4] *Id.* ¶ 124. The interpretation that Nieves Brizuela asserts is "unlawful" and "arbitrary" is compelled by binding Fifth Circuit precedent. For that reason alone, her claim fails.

But Nieves Brizuela runs into deeper trouble. The APA states that judicial review is available only for final agency action "for which there is no other adequate remedy in a

---

[3] Even if this Court were not bound by *Buenrostro-Mendez*, it would have reached the same result for the reasons discussed in its numerous prior decisions on this issue. *Supra* n.2.

[4] Nieves Brizuela also takes aim at the BIA's 2025 decision in *Matter of Q. Li*, which recognized that aliens who are paroled into the United States are ineligible for bond hearings. 29 I. & N. Dec. 66, 70–71 (BIA 2025). That case is largely beside the point because, as Nieves Brizuela notes, she was never "formally granted parole." Dkt. No. 1 ¶ 56.

court." 5 U.S.C. § 704. Because Nieves Brizuela requests habeas relief, she "unwittingly admits that there is, in fact, an adequate remedy outside of the APA." *Garibay-Robledo*, 2026 WL 81679, at *10. Moreover, the Supreme Court recently held that "where an alien detainee's claims 'necessarily imply the invalidity of their confinement' these claims must be brought in habeas." *P.B. v. Bergami*, No. 3:25-CV-2978, 2025 WL 3632752, at *9 (N.D. Tex. Dec. 13, 2025) (O'Connor, C.J.) (quoting *Trump v. J.G.G.*, 604 U.S. 670, 672 (2025)); *cf. Heck v. Humphrey*, 512 U.S. 477, 487 (1994) (same, in Section 1983 context). Therefore, the APA does not provide for judicial review of Nieves Brizuela's APA claim.

      **B.**     **The Due Process Clause does not require the government to give Nieves Brizuela a bond hearing.**

Next is Nieves Brizuela's claim that the government's refusal to provide a bond hearing violates the Due Process Clause of the Fifth Amendment. Dkt. No. 1 ¶ 37. *Buenrostro-Mendez* did not directly address this question. And Nieves Brizuela does not develop this argument, nor does she clarify whether it is based on substantive or procedural due process. But either way, she is not entitled to relief.

Start with substantive due process. That doctrine protects "only 'those fundamental rights and liberties which are, objectively, deeply rooted in this Nation's history and tradition.'" *Dep't of State v. Muñoz*, 602 U.S. 899, 910 (2024) (quoting *Washington v. Glucksberg*, 521 U.S. 702, 720–21 (1997)). While still recognizing due-process rights for aliens present in the United States, *see, e.g., J.G.G.*, 604 U.S. at 673, the Supreme Court has long affirmed the constitutionality of executive immigration procedures. The "through line of history," the Supreme Court recently explained, is "recognition of the Government's sovereign authority to set the terms governing the admission and exclusion of noncitizens."

*Muñoz*, 602 U.S. at 911–12. To that end, "Congress regularly makes rules that would be unacceptable if applied to citizens." *Mathews v. Diaz*, 426 U.S. 67, 80 (1976).

The principle is no less true for immigration detention. In fact, the Supreme Court has endorsed the constitutionality of detaining aliens without bond during the pendency of removal proceedings. In *Demore v. Kim*, the Supreme Court acknowledged that "the Fifth Amendment entitles aliens to due process of law in deportation proceedings." 538 U.S. 510, 523 (2003) (quoting *Reno v. Flores*, 507 U.S. 292, 306 (1993)). But it clarified that "detention during deportation proceedings" is nevertheless a "constitutionally valid aspect of the deportation process." *Id.* Indeed, "when the Government deals with deportable aliens, the Due Process Clause does not require it to employ the least burdensome means to accomplish its goal." *Id.* at 528. It follows that "the Government may constitutionally detain deportable aliens during the limited period necessary for their removal proceedings." *Id.* at 526. Against that backdrop, the notion that substantive due process requires a bond hearing is untenable.

A procedural due process claim fares no better. As an "applicant for admission," Nieves Brizuela has "only those rights regarding admission that Congress has provided by statute." *Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 140 (2020); *see Landon v. Plasencia*, 459 U.S. 21, 32 (1982) ("This Court has long held that an alien seeking initial admission to the United States requests a privilege and has no constitutional rights regarding his application, for the power to admit or exclude aliens is a sovereign prerogative."). With Section 1225, Congress set the procedural rights afforded to aliens who are present in the United States without admission. "Read most naturally," Section 1225(b)(2)(A) "mandate[s] detention of applicants for admission until certain proceedings

have concluded." *Jennings v. Rodriguez*, 583 U.S. 281, 297 (2018). No part of the statute "says anything whatsoever about bond hearings." *Id.* Accordingly, Nieves Brizuela is not entitled to a bond hearing as a matter of procedural due process.

### 4.     Conclusion

In short, Nieves Brizuela, as an "applicant for admission," is properly detained without bond under Section 1225(b)(2)(A). *Buenrostro-Mendez*, 2026 WL 323330, at *1. Neither the APA nor the Due Process Clause require a bond hearing in these circumstances. Thus, the petition for a writ of habeas corpus (Dkt. No. 1) is denied.

So ordered on February 27, 2026.

_____
JAMES WESLEY HENDRIX
UNITED STATES DISTRICT JUDGE